**Mohini THAPA, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

No. 03–73433.

United States Court of Appeals, Ninth Circuit.

Submitted March 16, 2005.\*\*

Decided March 18, 2005.

Madan Ahluwalia, Esq., Ahluwalia Law Office, San Mateo, CA, for Petitioner.

Terri J. Scadron, Esq., Leslie McKay, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. (c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: NOONAN, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM ***

Thapa filed a timely appeal with the Board of Immigration Appeals (BIA) from a negative decision by an immigration judge. A single member of the BIA affirmed the IJ's decision on two grounds: (1) Thapa "failed to adequately demonstrate that any fear she maintains of returning to Nepal is based upon one of the enumerated grounds in the Act;" and (2) Thapa did "not demonstrate[ ] that any fear she maintains is against the government of Nepal or an organization which the government is unable or unwilling to control." The per curiam decision is silent on the IJ's credibility findings. Thapa's appeal sufficiently challenges the BIA's decision.

Thapa testified that she opposed the Maoists and that this fact was known to them. Her testimony shows that her persecution arose from her political opinion. Prior to the school closings, Thapa publicly opposed the Maoists through her support for the Nepalese Congress Party and indirectly received threats. After Thapa's principal named her as opposing the school closing sought by the Maoists, the number of threats against her increased. The record is sufficient to compel the conclusion that there was a nexus between the Maoists' persecution and Thapa's political opinions. Indeed, the record reveals no other possible reason for the Maoists' persecution of her.

The U.S. Department of State's 2000 Country Report acknowledges that since 1996, the Maoists have engaged in a "People's War" enveloping two-thirds of Nepal. "The insurrection has been waged through torture, killings, and bombings involving civilians and public officials." The Report concludes: "reports have claimed that more police than Maoists were killed during the year, pointing to a marked increase in the firepower and aggressiveness of the insurgency." The Maoist rebels are clearly not under the control of the government of Nepal. Thapa's failure to report her threats to the police is not significant. When the petitioner has reason to fear the police, we have held that she need not inform them of violence. *See Korablina v. INS*, 158 F.3d 1038, 1044–45 (9th Cir. 1998).

### CONCLUSION

The two grounds on which the BIA relied are not supported by substantial evidence. However, the BIA did not determine her credibility. We must remand her case for a credibility finding. *Damaiz–Job v. INS*, 787 F.2d 1332, 1338 (9th Cir.1985) (holding that "when the Board's decision is silent on the question of credibility, and the Board has fully explained the rationale behind its decision, we will presume that the Board found the petitioner credible, and proceed to review the Board decision").

REMANDED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.